USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:08/03/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America

v.

MARK DYGDON, and
RODRIGO CASTRO,

                    *Defendants.*

**Protective Order**

**26 Cr. 251 (MMG)**

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendants having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

## Categories

1. **Disclosure Material.** The Government will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "Disclosure Material." The Government's Disclosure Material may include material that (i) affects the privacy, confidentiality and business interests of individuals and entities; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; (iv) may be produced with more limited redactions than would otherwise be necessary; and (v) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2026-07-10

2. **Sealed Material.** Certain of the Government's Disclosure Material, referred to herein as "Sealed Material," contains information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein or information that may reveal trade secrets or other information that may cause financial loss or other harm to a business entity.

3. **Attorney's Possession Only ("APO") Material.** Certain materials in this case raise a particular risk of affecting the privacy or safety of victims or witnesses, or the confidentiality of ongoing investigations. Disclosure Material produced by the Government to the defendant or his counsel that is either (1) designated in whole or in part as "Attorney's Possession Only" by the Government in emails or communications to defense counsel, or (2) that includes a Bates or other label stating "Attorney's Possession Only" or "APO" shall be deemed "APO Material." Any material designated as APO Material shall also be deemed Sealed Material.

4. **Attorney's Eyes Only ("AEO") Material.** Certain materials in this case raise a more significant risk of affecting the privacy or safety of victims or witnesses, or the confidentiality of ongoing investigations. Disclosure Material produced by the Government to the defendant or his counsel that is either (1) designated in whole or in part as "Attorney's Eyes Only" by the Government in emails or communications to defense counsel, or (2) that includes a Bates or other label stating "Attorney's Eyes Only" or "AEO" shall be deemed "AEO Material." Any material designated as AEO Material shall also be deemed Sealed Material.

NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:

2023.11.26

**Disclosure and Treatment**

5.   Disclosure Material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any Disclosure Material on any Internet site or network site, including any social media site, to which persons other than the parties hereto have access, and shall not disclose any Disclosure Material to the media.

6.   Sealed Material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court, and may be disclosed by defense counsel to:

    a.   The defendant;

    b.   Personnel for whose conduct defense counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action; and

    c.   Prospective witnesses for purposes of defending this action.

7.   APO Material received by defense counsel shall be maintained in a safe and secure manner by defense counsel and any personnel for whose conduct defense counsel is responsible; shall not be possessed by the defendant, except in the presence of the defendant's counsel and any personnel for whose conduct defense counsel is responsible; and shall not be disclosed in any form by the defendant, his counsel, or any personnel for whose conduct defense counsel is responsible except as set forth herein.

8.   AEO Material received by defense counsel shall be maintained on an attorney's eyes only basis, and the defense shall not share any AEO Material or the content of the AEO Material

3

with any other persons, including the defendant, except for any personnel for whose conduct defense counsel is responsible.

9. **Restrictions on Use of Artificial Intelligence Tools to Process Disclosure Materials.**

a. "AI tool" means any automated system that uses statistical modeling, machine learning, or similar techniques to process inputs and generate outputs, recommendations, or predictions, including but not limited to large language models, generative AI services, or AI-assisted software tools, whether cloud-based or otherwise.

b. Under no circumstances will any member of the defense team submit Disclosure Materials to a publicly accessible AI tool, or any AI tool, that retains and uses submitted data to train models. Such AI tools pose unique risks to the security and integrity of Disclosure Materials, given the practical inability to claw back or delete data once it has been incorporated into a model.

c. With respect to any AI tool used by the defendant, defense counsel must be able to certify that (i) the AI tool(s) will maintain the confidentiality of any Disclosure Materials; (ii) the AI tool(s) will not expose any Disclosure Materials to third parties not authorized under this Protective Order to receive such materials; (iii) the AI tool(s) will not retain or use any Disclosure Materials for model training; and (iv) all Disclosure Materials will be removed from the AI tool(s) at the conclusion of this case.

## Other Provisions

10. This Order does not prevent the disclosure of any Disclosure Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1 and the above provisions.

2023.11.26

11. The Government's designation of material will be controlling absent contrary order of the Court. The parties shall meet and confer regarding any dispute over such designations, after which the defense may seek de-designation by the Court. The Government may authorize, in writing, disclosure of Disclosure Material beyond that otherwise permitted by this Order without further Order of this Court.

12. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed Disclosure Material. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

13. Except for Disclosure Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Disclosure Material, including any ESI, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; and the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later, subject to defense counsel's obligation to retain client files under the Rules of Professional Conduct. If Disclosure Material is provided to any personnel for whose conduct defense counsel is responsible or prospective witnesses, defense counsel shall make reasonable efforts to seek the return or destruction of such materials.

14. The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has received, pursuant to warrants issued during the course of the investigation, from various computers, cellphones, and other devices and storage media. This ESI was obtained from Mark Dygdon and Rodrigo Castro. Upon consent of

2023.11.26

all counsel, the Government is authorized to disclose to defense counsel the entirety of such ESI, which shall be deemed Sealed Material unless otherwise designated.

15. This Order places no restriction on a defendant's use or disclosure of ESI or other Disclosure Material that originally belonged to the defendant.

### Retention of Jurisdiction

16. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney

by: _____          Date: _____
    Rebecca R. Delfiner
    Assistant United States Attorney

_____          Date:  July 21, 2026
Glen G. McGorty
Counsel for Mark Dygdon

_____          Date: _____
Daniel McGuinness
Counsel for Rodrigo Castro

SO ORDERED:

Dated: New York, New York
       July ___, 2026

                                        _____
                                        THE HONORABLE MARGARET M. GARNETT
                                        UNITED STATES DISTRICT JUDGE

6

2023.11.26

all counsel, the Government is authorized to disclose to defense counsel the entirety of such ESI, which shall be deemed Sealed Material unless otherwise designated.

15. This Order places no restriction on a defendant's use or disclosure of ESI or other Disclosure Material that originally belonged to the defendant.

### Retention of Jurisdiction

16. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney

by: _____     Date:     7/31/2026

 Rebecca R. Delfiner
Assistant United States Attorney

_____     Date:  _____

Glen G. McGorty
Counsel for Mark Dygdon

_____     Date:     7/16/2026

Daniel McGuinness
Counsel for Rodrigo Castro

SO ORDERED:

Dated: New York, New York
~~July ____, 2026~~

August 3, 2026

_____
THE HONORABLE MARGARET M. GARNETT
UNITED STATES DISTRICT JUDGE

6